**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE            )
                             )
            v.               )          I.D. No. 9506017661
                             )
HECTOR BARROW                )
                             )
        Defendant.           )


Submitted: June 20, 2014
Decided:  August 25, 2014

Upon Defendant's Third Motion for Post-conviction Relief.
**DENIED.**

**<u>ORDER</u>**


Hector Barrow, *pro se*, Smyrna, DE.

Elizabeth R. McFarlan, Esquire, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorney for the State.

WHARTON, J.

This 25th day of August, 2014, upon consideration of Defendant's third Motion for Post-conviction Relief, the State's response and the record in this matter, it appears to the Court that:

1.     Defendant Hector Barrow filed this Motion for Post-conviction Relief, his third, on January 28, 2014, alleging that his trial counsel was ineffective.[1]  Specifically, he alleges that trial counsel:  (i) failed to subpoena an unnamed "key witness"; and (ii) failed to object to testimony regarding the Jamaican language, testimony which related to the identification of the person who shot the victim.  Additionally, he contends that the Court should have appointed counsel for assistance with his first post-conviction relief effort.[2]

2.     On June 25, 1995, Defendant, and two accomplices, Jermaine Barnett and Lawrence Johnson, shot and killed Thomas Smith, during the commission of a robbery of Smith's gun shop.[3]  On August 7, 1995, Defendant was indicted and charged with three counts of First Degree Murder (one count of intentional murder and two counts of felony murder), Robbery First Degree, Burglary Second Degree, Conspiracy First Degree, Conspiracy Second Degree and Possession of a Firearm during the Commission of a Felony.[4]

3.     Following a four-week trial, Defendant was convicted on all counts.[5] The murder convictions resulted in the imposition of death sentences.[6] On direct appeal, the Delaware Supreme Court reversed the intentional murder conviction and sentence and the felony murder sentences, while affirming the felony murder convictions.[7]  The Court ordered a new trial on the intentional murder charge and a new penalty hearing for the felony murder sentences.[8]

4.     On remand, the State elected to proceed solely with the penalty hearing on the felony murder convictions.  A new trial on the

---

[1] Def.'s Mot. for Post-conviction Relief at 2.
[2] *Id.* at 3.
[3] *Barrow v. State*, 749 A.2d 1230, 1234 (Del. 2000).
[4] *State v. Barrow*, 1998 WL 733212, at *1 (Del. Super. Feb. 3, 1998).
[5] *State v. Barrow*, 2005 WL 3436609, at *1 (Del. Super. Dec. 6, 2005).
[6] *Id.*
[7] *Barrow,* 749 A.2d 1230, 1234.
[8] *Id.*

intentional murder charge was waived.[9]  A second penalty hearing occurred in June of 2001. On January 4, 2002, the Court imposed a life sentence on the felony murder convictions.[10]  Barrow did not appeal this sentence.[11]

5.  On January 27, 2005, Defendant filed his first motion for post-conviction relief, alleging ineffective assistance of counsel, among other things.[12]  That motion was dismissed on August 5, 2005.[13]  On February 22, 2006, Defendant appealed the Court's decision, raising only a claim for ineffective assistance of counsel.[14]  On January 5, 2007, the Supreme Court affirmed that decision.[15]

6.  Defendant filed his second motion for post-conviction relief on August 29, 2007, raising grounds other than ineffective assistance of counsel.[16]  That motion was denied on October 31, 2008.[17]  Defendant filed an untimely appeal on December 9, 2008, and on January 13, 2009, the Supreme Court dismissed that appeal.[18]

7.  Under the Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications.[19]  A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[20]  A motion is considered repetitive and therefore barred if it asserts any ground for relief "not asserted in a prior post-conviction proceeding."[21]  Repetitive motions are only considered if it is "warranted in the interest of justice."[22]  Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as

---

[9] *State v. Barrow,* 2002 WL 88934, at *1 (Del. Super. Jan. 4, 2002).
[10] *State v. Barrow,* 2005 WL 3436609, at *1.
[11] *Barrow v. State*, 913 A.2d 569 (Del. 2006) (TABLE).
[12] Dkt. 254.
[13] Dkt. 268.
[14] Dkt. 270.
[15] Dkt. 273.
[16] Dkt. 274.
[17] Dkt. 284.
[18] Dkt. 285.
[19] Super. Ct. Crim. R. 61(i).
[20] Super. Ct. Crim. R. 61(i)(1).
[21] Super. Ct. Crim. R. 61(i)(2).
[22] *Id.*

procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[23] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[24] Former adjudications are only reconsidered if "warranted in the interest of justice."[25]

8. Before addressing the merits of Defendant's third Motion for Post-conviction Relief, the court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[26] If a procedural bar exists, then the Court will not consider the merits of the post-conviction claim.[27]

9. Defendant's claims are procedurally barred pursuant to Rule 61(i)(1). Defendant's conviction became final on January 4, 2003. This Motion was filed over ten years after Defendant's conviction became final. Moreover, Defendant's first motion was also time-barred, since it was filed over three years after his conviction became final, exceeding the then three year time limitation.[28] Defendant has not offered any evidence of a retroactively applicable right that was newly recognized after his judgment of guilt became final in order to overcome the time bar. Defendant originally appeared to suggest that he had a retroactively recognized right to counsel based on *Martinez v. Ryan.*[29] In his Reply, he expressly rejects that suggestion, however.[30] In any event, *Martinez* "did not create a new right such as to qualify as a means of relief from the procedural bar of Rule 61(i)(1). Further, since *Martinez* did not establish a new constitutional right, it cannot be applied retroactively."[31] If all of that were not enough, this motion was filed more than a year after *Martinez* was decided, exceeding the one year time bar for newly recognized rights.[32] Instead, Defendant argues that the trial court abused its discretion in denying his request for appointment of counsel

---

[23] Super. Ct. Crim. R. 61(i)(3).
[24] Super. Ct. Crim. R. 61(i)(4).
[25] *Id.*
[26] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[27] *Id.*
[28] *Barrow*, 2005 WL 3436609, at *2.
[29] 132 S.Ct. 1309 (1202).
[30] Dkt. 291.
[31] *State v. Travis,* 2013 WL 1196332, at *3 (Del. Super. Mar. 25, 2013), *aff'd sub nom., Anderson v. State,* 69 A.3d 370 (Del. 2013) and *aff'd,* 69 A.3d 372 (Del. 2013).
[32] Super. Ct. Crim. R. 61(i)(1).

4

in his first post-conviction relief motion, citing *Holmes v. State.*[33] However, since that first motion itself was untimely, the trial court's denial of Defendant's request for counsel was not an abuse of discretion.

10. Defendant's claim that he should have been provided with counsel for his untimely initial post-conviction relief motion is subject to procedural default under Rule 61(i)(3) as well, since he did not raise that issue in his appeal from the denial of that motion.[34] Defendant has offered no cause for relief from the procedural default occasioned by his failure to raise the issue on appeal. Similarly, he has not shown prejudice from his own failure to raise that issue, nor could he, since the request for counsel was made in connection with an untimely post-conviction relief motion and was properly denied by the trial court.

11. Defendant's claim for ineffective assistance of counsel also is procedurally barred. To the extent his current claims are different than those previously asserted, they are barred by Rule 61(i)(2). To the extent they repeat those previously raised, they are barred as previously adjudicated under Rule 61(i)(4).

12. The Court does not find that "the interest of justice"[35] makes the above Rule 61(i)(2) and (4) bars to relief inapplicable. The "interest of justice" exception applies when (1) "the previous ruling was clearly in error or there has been an important change in circumstances, in particular, the factual basis for issues previously posed," or (2) there is an "equitable concern of preventing injustice."[36] The "interest of justice" exception is narrow and will only be applied in limited circumstances.[37] No such circumstances exist here. The previous ruling was clearly not in error given the untimeliness of Defendant's initial motion and there has been no important change in circumstances. Moreover, there is no "equitable concern of preventing injustice" since the evidence that Defendant was a participant in the felony murder of Thomas Smith was strong and the issue of who was the actual shooter was rendered moot when the trial court issued its decision after the

---

[33] 67 A.3d 1022 (Del. 2013); Dkt. 286.

[34] *Barrow v. State,* 913 A.2d 569 (Del. 2006) (TABLE).

[35] Super Ct. Crim. R. 61(i)(2) and (4).

[36] *Lindsey v. State,* 2014 WL 2178453, at *3 (Del. May 27, 2014) (quoting *Weedon v. State,* 750 A.2d 521, 527-28 (Del. 2000))

[37] *Id.*

second penalty hearing. In that opinion, the trial court determined that it was unable to determine which of the three participants was the shooter and imposed life sentences.[38]

13. Finally, the Court does not find that the bars to relief are inapplicable under Rule 61(i)(5). By its terms, that rule only provides relief from the bars found in Rules 61(i)(1)-(3). The bar to relief of Rule 61(i)(4) remains unaffected by Rule 61(i)(5). Defendant does not address Rule 61's bars to relief in his papers, and, hence, makes no argument that his underlying ineffective assistance of counsel claim raises a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[39] Such an argument would lack merit in any case, since he has failed to show that he has a colorable claim.

14. To successfully articulate a colorable ineffective assistance of counsel claim, a claimant must demonstrate that counsel's performance was deficient, and that, but for such deficiency, there is a reasonable probability that the result of the proceeding would have been different.[40] "Mere allegations of ineffectiveness will not suffice. A defendant must make specific allegations of actual prejudice and substantiate them."[41] Defendant's first claim is that trial counsel should have subpoenaed an unnamed "key witness" to "ascertain the exact nature of the deal struck between the witness and the prosecutor in exchange for testimony."[42] This allegation is far too lacking in specificity and in articulable prejudice to meet either prong of *Strickland.* Defendant's second claim is that defense counsel failed to object to a witness' testimony regarding Jamaican language and that such testimony was used to identify the shooter.[43] Whether the claimed failure to object meets the performance deficiency prong of *Strickland* is immaterial, since it clearly does not meet the prejudice prong. The identity of the shooter was relevant to the intentional murder charge and the penalty imposed. Since both of those issues were resolved in Defendant's favor, he cannot complain of prejudice for his trial counsel's failure to object to the testimony.

---

[38] State v. *Barrow,* 2002 WL 88934, at *3 (Del. Super. Jan. 4, 2002).

[39] Super. Ct. Crim. R. 61(i)(5).

[40] *Strickland  v. Washington,* 466 U.S. 668 (1984).

[41] *Wright v. State,* 671 A,2d 1353, 1356 (Del. 1996).

[42] Def's Mot. for Post-conviction Relief at 3.

[43] *Id.* at 4.

Therefore, Defendant's third Motion for Post-conviction Relief is **DENIED**.

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton, J.

oc:    Prothonotary
cc:    Investigative Services
       Elizabeth McFarlan, Esquire
       Anthony Figliola, Esquire
       Hector S. Barrow, SBI # 33